```
               UNITED STATES DISTRICT COURT

                 DISTRICT OF NEW HAMPSHIRE
```

Phillip Rawnsley

    v.                                          Case No. 16-cv-190-SM
                                                      Opinion No. 2016 DNH 198

United States of America


**O R D E R**

Petitioner seeks habeas relief under the provisions of 28 U.S.C. § 2255, relying upon the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2251 (2015), made retroactive to cases on collateral review by Welch v. United States, 136 S. Ct. 1257, 1268 (2016). Petitioner says those cases afford him an opportunity to challenge his otherwise final convictions based upon a newly recognized right, and triggered a new one-year limitations period from the date on which the new right was initially recognized. The court disagrees.

In 2010, Petitioner pled guilty to and was convicted of six counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951, and one count of brandishing or using a firearm in connection with a crime of violence (one of the Hobbs Act robberies), in

violation of 18 U.S.C. § 924(c).  He seeks to vacate his § 924(c) conviction.

Ordinarily, petitioner's efforts to collaterally challenge his convictions would be time barred.  But, in Johnson the Supreme Court did indeed initially recognize a new right, thereby triggering a one-year period during which affected prisoners might seek habeas relief based upon that newly recognized right.  28 U.S.C. § 2255(f)(3); Dodd v. United States, 545 U.S. 353, 358-59 (2005).  Johnson held the residual clause of the Armed Career Criminal Act (ACCA) invalid under the Due Process Clause, on grounds that it was unconstitutionally vague in describing qualifying predicate crimes of violence that would support enhanced sentencing.  Importantly, however, petitioner was not sentenced under the ACCA.  But, says petitioner, § 924(c) includes a materially indistinguishable residual clause, so Johnson's new rule applies equally to it.  Consequently, he argues, his petition is timely.

Petitioner's motion for § 2255 relief is premature.  As this court (Barbadoro, J.) explained in Kucinski v. United States, Civil No. 16-cv-201-PB, (document no. 16), order dated September 15, 2016, "a substantial number of capable jurists have reasonably determined after careful analysis that Johnson

2

does not require invalidation of § 924(c)'s residual clause." (Citations omitted.)  Given that circumstance, it is plain that Johnson does not sufficiently dictate the conclusion that § 924(c)'s residual clause is void for vagueness, and so, with respect to that issue, does not afford petitioner an exception to the otherwise applicable statute of limitation that bars his claim.  That is, petitioner's motion for relief is too early — he must await a decision by the Supreme Court invalidating the residual clause of § 924(c) (and making that holding retroactive to cases on collateral review) before § 2255(f)(3) will afford him an opportunity to file a timely petition for habeas relief on that ground.

Since petitioner's habeas claims necessarily depend upon Johnson's affording him an opportunity to file a timely petition, and it does not, the court only addresses that claim.

### Conclusion

Johnson announced a new retroactive rule invalidating the ACCA's residual clause, but that rule does not dictate the conclusion that § 924(c)'s residual clause is also invalid as unconstitutionally vague.  Consequently, the petition is not timely under the provisions of 28 U.S.C. § 2255(f)(3), or otherwise.

As in Kucinski, the court concludes that because reasonable jurists could find debatable whether Johnson v. United States, 135 S. Ct. 2251 (2015), recognized a new right that applies retroactively to cases on collateral review that extends to petitioner's conviction under 18 U.S.C. § 924(c), such that the petition would be timely under 28 U.S.C. § 2255(f)(3), I grant petitioner a certificate of appealability with respect to that issue. See Rule 11, Rules Governing Section 2255 Proceedings.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 28, 2016

cc:  Bjorn R. Lange, Esq.
     Seth R. Aframe, AUSA